UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN RANDOLPH,

         Plaintiff,

-against-

NEW YORK STATE,

         Defendant.

1:24-CV-4623 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and asserting that, while he was in custody, the State of New York forced him to eat food that violated the Quran and his right to the free exercise of his religion under the First Amendment. By order dated July 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff brings this action using the court's general complaint form and invoking federal question jurisdiction. Named as the sole defendant is New York State. In the section of the complaint form that asks Plaintiff which of his federal constitutional or federal statutory rights has been violated, he writes, "[m]y First Amendment right was violated by the state co facility by forcing me to eat food that goes against holy Quran sura 2-172 174."[1] (ECF 1, at 2.) Plaintiff provides the following as his statement of claim:

> I won this grievance at a few state facilities without financial wins[.] However despite 3 strike I served my entire X of 17 years. Also I already paid the filing fee and still got barred by court. The food Sunni Muslims eat goes against the laws of our holy book. (sura 2) 172-174.

(*Id*. at 5.) As his injuries, Plaintiff asserts that he suffered a stroke in 2012. He seeks ten million dollars in damages.

## DISCUSSION

A.  **Section 1915(g) Bar**

Plaintiff makes references to his filing other complaints about violations of his religious rights while incarcerated and being barred from filing any new action IFP while he was a prisoner under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). *See Randolph v. New York State*, No. 21-CV-10959 (LTS), 2021 WL 6064766 (S.D.N.Y. Dec. 22, 2021) (finding that Plaintiff was barred on July 11, 2012, from filing new actions IFP while a prisoner unless he is under imminent danger of serious physical injury; holding that Plaintiff did not meet the imminent danger exception by alleging that since 1983, the State of New York has violated his rights in multiple correctional facilities by forcing him to eat

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

food in violation of his religious beliefs). Because Plaintiff filed this action while he was out of custody, this action is not subject to the Section 1915(g) bar.[2]

**B.     Claims under Section 1983**

Because Plaintiff alleges that the State of New York is responsible for the alleged violations of his rights while he was in custody, his claims can be construed as ones asserted under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory

---

[2] According to public records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was released from custody to parole supervision on May 7, 2024, but as of July 30, 2024, he is again in custody because of parole violations. *See* https://publicapps.doccs.ny.gov/ParoleeLookup [https://perma.cc/PR8E-M2HN]. According to the records of the New York City Department of Correction ("DOC"), Plaintiff is presently in DOC custody at the Otis Bantum Correctional Center on Rikers Island. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf [https://perma.cc/62PN-JN8G]. Plaintiff filed this action on June 13, 2024.

3

relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and for seeking monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**C.     Claims under State Law**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the federal aspect of Plaintiff's complaint, which appears to relate to a State policy regarding the type of diet provided for certain religious adherents, cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for seeking monetary relief from a defendant that is immune from such relief, and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   October 29, 2024
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge